UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TAMMY COLLETTE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-323 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| WAL-MART STORES EAST, L.P., *et al.* ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM**

Before the Court is Plaintiff Tammy Collette's motion to remand (Court File No. 17). Plaintiff, a resident of Tennessee, originally filed a complaint in state court against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") and John Doe, an unnamed employee (Court File No. 1-2). Subsequently, Wal-Mart removed to federal court alleging jurisdiction based on the parties' diversity of citizenship and 28 U.S.C. § 1332. Plaintiff later amended her complaint, replacing the John Doe defendant with two defendants, Scott Nickens and Helen Lunsford, who are both residents of Tennessee. Plaintiff now seeks remand because the addition of these parties has destroyed diversity. Defendants contend remand is inappropriate because the added defendants are ancillary and not indispensable, Plaintiff is attempting to destroy diversity, and accordingly the Court should determine diversity from the filing of the initial complaint. For the reasons given below, the Court will **GRANT** Plaintiff's motion (Court File No. 17) and **REMAND** this case to the Circuit Court of Knox County, Tennessee.

Federal law limits a federal court's subject matter jurisdiction to cases in which a federal question exists, 28 U.S.C. § 1331; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986), or cases where there is complete diversity of parties and the amount in controversy exceeds $75,000,

28 U.S.C. § 1332.[1]  Here, Defendants invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident of Tennessee and Wal-Mart is a resident of Delaware and Arkansas (Court File No. 1).  When Plaintiff amended her complaint on July 10, 2013, she added Nickens and Lunsford, both residents of Tennessee.

Complete diversity requires all parties joined in the lawsuit to be citizens of different states, and is determined at the time of the filing of the lawsuit.  *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).  However, "where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *Id.*  Where the parties are not completely diverse, the district court lacks subject matter jurisdiction and cannot hear the case.  *Saginaw Housing Comm'n v. Bannum*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC* , 176 F.3d 904, 907 (6th Cir. 1999)).

Defendants rely on a single quotation from *Curry* in which the court stated "jurisdiction will not be ousted by a subsequent change in parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the merits." 462 F.3d at 540 (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3723 (3d ed. 1998)).  Defendants argue the Court should, as discussed in *Curry*, "take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to the state court will prejudice the defendant." *Id.*  Without support, Defendants argue Plaintiff is "obviously trying

---

[1] Federal law also provides for jurisdiction over certain types of cases not implicated here. *See, e.g.*, 28 U.S.C. § 1333 (admiralty);  28 U.S.C. § 1334 (bankruptcy).

to destroy diversity . . . [as] there is no other reason to have added the employees of Wal-Mart as defendants." Defendants also argue the nondiverse defendants are not essential to adjudicating the merits of this case.

However, the facts of this case are quite similar to the facts of *Curry* and counsel in favor of remand. In *Curry*, as here, the plaintiff suffered a personal injury. The plaintiff had been injured as a result of a truck accident in the course of his employment. He filed suit in state court, naming the lessee of the truck as defendant, as well as four John Doe defendants which included the truck driver, the truck driving company, and the loading company. The case was subsequently removed, after which the plaintiff uncovered the names of the John Doe defendants who were nondiverse from plaintiff. No party filed a motion to remand and the district court eventually granted summary judgment to the defendants.

As noted above, the court recognized diversity is typically determined "at the time of the filing of a lawsuit." *Curry*, 462 F.3d at 540. However, the court noted "persuasive authority counsels that "in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint," and the court cited to the treatise on which Defendants in this case now rely. *Id.* The court concluded the district court lacked subject matter jurisdiction when it granted summary judgment and should have remanded the case to state court. The nondiverse defendants were, as Defendants allege here, dispensable parties to the litigation. *Id.* at 542 n.4.[2] However, the

---

[2] In fact, the court quoted in parenthetical a First Circuit case stating "Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, *regardless of whether they happen to be dispensable or indispensable to the action*." *Casas Office Machs. v. Mita Copystar Am.*, 42 F.3d 668, 674 (1st Cir. 1994) (emphasis added); *Curry*, 462 F.3d at 540 (quoting this portion of *Casas* parenthetically).

3

court noted

> Curry wished to bring this lawsuit against all three defendants in state court. As the plaintiff, Curry is the master of his complaint, *see Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514-15 (6th Cir.2003), and he properly chose to pursue his tort claims against the truck driver, the truck owner, and U.S. Bulk Transport in one lawsuit in state court. Curry was then brought into federal court on U.S. Bulk Transport's notice of removal. There is no dispute that Curry subsequently engaged in a good-faith effort to identify Priddy and Susman at the earliest possible time, but that he was unable to do so until the discovery process was underway in the U.S. district court.

*Id.* at 543. Accordingly, the court remanded the case to the district court with instruction to further remand to state court for lack of subject matter jurisdiction. In similar cases, this has been approved as the proper outcome. *See, e.g.*, *Gilmore v. Wallace*, No. 3:10-CV-47, 2011 WL 1483108, at *2-3 (E.D. Tenn. Apr. 19, 2011); *Mertz v. Alterra Healthcare Corp.*, No. 3:08-CV-430, 2010 WL 908930, at *2 (E.D. Tenn. Mar. 12, 2010).

Because Defendants Nickens and Lunsford are residents of the same state as Plaintiff, diversity was destroyed when Plaintiff amended her complaint to include them. Although Defendants allege Plaintiff is trying to destroy diversity, there is simply no indication of bad faith on her part. In fact, her state court complaint specifically listed an unidentified employee as a possible defendant, just as the plaintiff did in *Curry*. And Defendants have not alleged fraudulent joinder. Due to the post-remand amended complaint that added previously unidentified, nondiverse

---

Moreover, the court went on to discuss *Casas* and indicated it found "the First Circuit's application of § 1447(e) to these circumstances to be persuasive. Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time." *Curry*, 462 F.3d at 541. Although both *Casas* and *Newman-Green, Inc. v. Alfonzo-Larrain*, 832 F.2d 417 (7th Cir.1987) provided some authority to dismiss a nondiverse defendant to cure jurisdiction on appeal, the court distinguished those cases on the basis they involved plaintiffs who were seeking to dismiss a nondiverse defendant in order to remain in federal court, rather than plaintiffs seeking remand. *Curry*, 462 F.3d at 542-43.

4

parties, the Court now lacks jurisdiction over this case.

For the reasons discussed above, the Court **GRANTS** Plaintiff's motions to remand (Court File No. 17), and **REMANDS** this case to the Circuit Court of Knox County, Tennessee.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**